The People of the State of New York, Respondent,
against
Larry Jones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust Lopez, J.), rendered May 17, 2017, after a nonjury trial, convicting him of two counts of public lewdness and two counts of exposure of a person, and imposing sentence.




Per Curiam.
Judgment of conviction (Linda Poust Lopez, J.), rendered May 17, 2017, affirmed. 
The accusatory instrument charging public lewdness (see Penal Law § 245.00[a]) and exposure of a person (see Penal Law § 245.01]) was not jurisdictionally defective. Although the charged acts were allegedly committed in a parked vehicle, the "public place" element of the offenses was satisfied by allegations that adequately described the location of the vehicle, defendant's conduct and the surrounding circumstances, so as to warrant the inference that defendant committed lewd acts or intentionally exposed his genitals in a place where he would likely be observed by casual passersby (cf. People v McNamara, 78 NY2d 626, 634 [1991]). The information alleges that on two separate afternoons, the complainant observed the defendant, who was seated in a parked vehicle in front of her residence with the driver's side window rolled down, partially remove his pants, expose his penis and begin masturbating. 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis upon which to disturb the court's determinations concerning credibility. The evidence adduced at trial by the People, including the credited eyewitness testimony of the complainant and a video of the second (March 21st) incident, were sufficient to establish beyond a reasonable doubt defendant's identity as perpetrator on both occasions, and his lewd conduct in a public place (see People v Chang-Correa, 53 Misc 3d 126[A], 2016 NY Slip Op 51311[U][App Term, 1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2019